OPINION
{¶ 1} George Brown has appealed from a summary judgment of dismissal in favor of Household Realty Corp.
 {¶ 2} Brown asserts three assignments of error, and we will discuss the pertinent facts in connection with the assignments of error.
 {¶ 3} "1. Whether The Court Erred In Granting Appellee's Motion To Answer Out Of Time."
 {¶ 4} Brown filed a complaint against Household seeking recission of a mortgage on his residence which had been assigned to Household by Diversified Capital Corporation of Tennessee. The basis for the complaint was Diversified's alleged failure to provide Brown with certain disclosures about variable rate mortgage loans required by the Federal Truth in Lending Act. Brown sought the return of all monies representing finance charges and closing costs, release of the mortgage, and cancellation of the promissory note. Brown alleged that he had paid off the mortgage loan.
 {¶ 5} The complaint was filed April 12, 2002, and Household was served April 15, 2002. No answer was timely filed and Brown moved — without notice to Household — for default judgment on May 28, which the trial court granted without hearing on May 31.
 {¶ 6} On August 29, Household moved to vacate the default judgment, which Brown opposed by memorandum of September 26. On September 27, the trial court vacated the default judgment and accorded Household twenty days within which to respond to the motion for default judgment. Brown moved the trial court on October 4 to reconsider its order vacating the default judgment. On October 15, Household responded to Brown's motion for default judgment and to his motion to reconsider, and filed its answer to Brown's complaint. On October 18, Brown filed a supplemental memorandum in support of his motion for default judgment and moved to strike Household's answer. On October 31, Household moved to file nunc pro tunc its previously filed answer and responded to Brown's supplemental memorandum and motion to strike. On November 18, Brown filed a memorandum opposing Household's motion to file its answer nunc pro tunc, to which Household responded November 25.
 {¶ 7} On November 26, after a hearing, the trial court granted Household's motion to file its answer "beyond the time pr(e)scribed by rule," overruled Brown's motion to reconsider its earlier order vacating the default judgment, and overruled Brown's motion for default judgment. The court accorded Household fourteen days within which to file its answer, which it filed December 3.
 {¶ 8} The trial court's explanation for these rulings is as follows:
 {¶ 9} "From the evidentiary material submitted, the Court found there had been some contact between the Plaintiff's counsel and the Defendant prior to the motion for default judgment filed on May 28, 2002. The complaint had been served upon the Defendant at a large processing center in Illinois (per Snyder affidavit) which then sent the complaint to Florida which then sent it back to the legal department at another Illinois address. The complaint apparently was then lost on a secretary's desk who was on leave.
 {¶ 10} "On September 27, 2002 the Court vacated the default judgment finding that the Defendant had appeared as that term is liberally construed in Civil Rule 55(A) and that the Court should have set the Plaintiff's motion for default judgment for hearing.
 {¶ 11} "That hearing was held on November 18, 2002 along with all other pending motions, and the Court must now decide whether to grant the default judgment or permit the Defendant to file a late answer, pursuant to Civil Rule 6(B)(2).
 {¶ 12} "The issue here is close.
 {¶ 13} "Civil Rule 6(B)(2) permits the Court to allow a late answer if the failure to do so was the result of excusable neglect.
 {¶ 14} "And, of course, the law encourages the resolution of disputes on the merits.
 {¶ 15} "The Defendant's conduct in this matter does not reflect a disregard for the judicial system; nor does it reflect a gross carelessness on the part of the Defendant.
 {¶ 16} "Under the facts of this case, the Court concludes the scenario describing why the Defendant failed to timely file an answer in this case constitutes excusable neglect."
 {¶ 17} Under this assignment of error, Brown has not asserted as error either the vacating of the default judgment or the overruling of his motion to reconsider the order of vacation. Rather, he limits his argument to asserting that the trial court abused its discretion in finding that Household's failure to timely answer was due to excusable neglect. See Civ.R. 6(B).
 {¶ 18} In disposing of this assignment of error, it should be kept in mind that whether a party's action or inaction constitutes excusable neglect is commended to the discretion of the trial court, which means that an appellate court must accord the trial court a certain decisional latitude in determining whether its ruling is an abuse of discretion. Therefore, in a close case, the trial court's determination of whether certain action or inaction constitutes excusable neglect may be upheld on appeal, regardless of what the trial court determines.
 {¶ 19} Here, the trial court thought the evidence supported a finding of excusable neglect. That evidence, in part, consisted of two, somewhat overlapping affidavits of Christopher Snyder, an attorney in Household's legal department:
 {¶ 20} "2. The Summons and Complaint in the above-captioned civil action was not served on HRC's registered agent for service of process in the State of Ohio. Rather, as appears on the face of the Summons, it was served at the street address of a large processing center in Elmhurst, Illinois.
 {¶ 21} "3. HRC's records indicate that the Summons and Complaint in the above-captioned action were forwarded from the Elmhurst, Illinois processing center address to the Policy Compliance Office in Brandon, Florida, which then forwarded them to the legal department's office in Prospect Heights, Illinois.
 {¶ 22} "4. Any summons and complaint served on HRC's registered agent for service of process in the State of Ohio is forwarded directly to the legal department.
 {¶ 23} "5. Our regular procedure for assignment of new lawsuits to local counsel for defense includes the entry of all complaints received in a database that keeps track of all cases, due dates, assigned counsel and other data necessary to track and defend the lawsuits that are filed against HRC in many jurisdictions.
 {¶ 24} "6. Contrary to our regular procedures, and due to the absence of one of our regular secretaries on maternity leave at the time that the Summons and Complaint in the above-captioned action arrived, they were not properly entered in the database upon receipt at the Prospect Heights, Illinois, office, but were placed with a large number of other papers on the desk of the secretary who was on leave.
 {¶ 25} "7. Delayed by the long process of forwarding from the Elmhurst, Illinois processing center to the Florida Policy 
Compliance office and then to the Prospect Heights, Illinois office, the Summons and Complaint were not discovered to be misplaced until after time to answer had expired, and default judgment had been entered.
 {¶ 26} "8. As soon as the entry of default judgment was discovered, John Winship Read was retained to represent HRC in the defense of this matter.
"* * *
 {¶ 27} "2. There are currently three counsel in the legal department of my business unit, and in May and June of 2002 there was only one, although there are more attorneys in the legal departments of our corporate affiliates.
 {¶ 28} "3. As I stated in my previous affidavit, the Summons and Complaint in the above-captioned civil action were served on a large mortgage processing center in the State of Illinois, rather than on HRC's registered agent.
 {¶ 29} "4. When a complaint is served on HRC's registered agent, it goes immediately to the corporate headquarters, which houses the legal department, where it is stamped as received and screened against computer records to correctly identify the business unit responsible for the matter. This is important because many complaints are received that do not contain the correct name of the business unit that dealt with the plaintiff.
 {¶ 30} "5. After screening, the complaint goes to the responsible business unit, where it is entered into the database that keeps track of all cases, due dates, assigned counsel and other data necessary to track and defend the lawsuit.
 {¶ 31} "6. The Complaint received in this matter does not bear the stamp indicating that it was received and screened according to the regular intake procedures.
 {¶ 32} "7. There were more than 740 complaints filed against HRC in the State of Ohio during the year 2002, to date. To my best knowledge, of these complaints, all that should have been entered into the database for my business unit, were properly entered into the database and tracked, except the one involved in the above-captioned action.
 {¶ 33} "8. During the absence on maternity leave of the regular secretary for the legal department at HRC, a temporary secretary was hired and trained to carry out her duties.
 {¶ 34} "9. Despite our efforts to attend to the administration of legal business during the absence of our regular secretary and to properly train the temporary replacement, the Summons and Complaint in the above-captioned action were not properly entered in the database upon receipt at the Prospect Heights, Illinois, office, but were placed with a large number of other papers on the desk of the absent secretary.
 {¶ 35} "10. As stated in my previous affidavit, the Summons and Complaint were not discovered to be misplaced until after time to answer had expired, and default judgment had been entered. I investigated to determine what had happened to these papers after I was advised by another attorney in the corporate parent's legal department that a default judgment had been entered. I did not investigate the origin of the information that the judgment had been entered.
 {¶ 36} "11. My department has made its best efforts to defend this matter after learning of its existence and of the default."
 {¶ 37} In our judgment, there was no abuse of discretion by the trial court in determining from the evidence presented to explain its failure to timely answer that Household's failure to timely answer was due to excusable neglect. The first assignment of error is overruled.
 {¶ 38} "2. The Trial Court Erred In Failing To Consider Appellant's Memorandum Contra Motion For Summary Judgment."
 {¶ 39} On March 21, 2003, Household moved for summary judgment. On April 7, Brown moved for additional time until April 21 to respond. On April 8, the trial court granted Brown "until and including April 18 by which to serve his response. . . ." (Emphasis ours).
 {¶ 40} The court filed its entry of summary judgment of dismissal April 21 at 11:27 a.m. Brown filed his response to Household's motion for summary judgment later that day at 12:54 p.m.
 {¶ 41} It is clear that the trial court did not consider Brown's response to Household's motion for summary judgment. The trial court's stated reason for not doing so — stated in its entry overruling Brown's motion to reconsider — was that Brown's response was late.
 {¶ 42} Civ.R. 5(D) provides in part:
 {¶ 43} "All papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service,. . ."
 {¶ 44} In his response, Brown, by counsel, certified that the response had been served on counsel for Household April 18, as ordered by the court. Per Civ.R. 5(D), Brown then had three days to file his response with the trial court.
 {¶ 45} Because the response was timely filed, the trial court erred in failing to consider it.
 {¶ 46} The second assignment is sustained. The summary judgment of dismissal will be reversed, and the matter will be remanded for the trial court's reconsideration of Household's motion for summary judgment, taking into account Brown's memorandum contra, filed April 21, 2003, and his cross-motion for summary judgment, set forth in the same document.
 {¶ 47} "3. The Trial Court Erred In Granting Summary Judgment To Appellee."
 {¶ 48} Based on our disposition of the second assignment, this assignment is overruled as premature. Although it might be argued that our de novo review authorizes us to decide this assignment at this time, we believe the better course is to direct the trial court to address Brown's timely response to Household's motion for summary judgment.
 {¶ 49} The judgment will be reversed, and this matter will be remanded for further proceedings consistent with this opinion.
GRADY, J. and YOUNG, J., concur.