[Cite as *Citizens Natl. Bank of SW Ohio v. Harrison*, 2016-Ohio-2746.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| THE CITIZENS NATIONAL BANK OF SOUTHWESTERN OHIO | : | |
| | : | |
| | : | C.A. CASE NO. 26742 |
| Plaintiff-Appellant | : | |
| | : | T.C. NO. 14CV3027 |
| v. | : | |
| | : | (Civil Appeal from |
| JOHN C. HARRISON, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the _____29th_____ day of _____April_____, 2016.

. . . . . . . . . . .

H

GARY W. GOTTSCHLICH, Atty. Reg. No. 0003760 and MARTINA M. DILLON, Atty. Reg. No. 0066942, 201 E. Sixth Street, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellant Civista Bank fka The Citizens National Bank of Southwestern Ohio

ELIZABETH CARULLO, Atty. Reg. No. 0083515 and JEFFREY R. HELMS, Atty. Reg. No. 0075659 and KIMBERLEE S. ROHR, Atty. Reg. No. 0084207, 120 East Fourth Street, 8th Floor, Cincinnati, Ohio 45202
        Attorneys for Defendant-Appellee Fifth Third Mortgage Company fka Citfed Mortgage Corporation of America

. . . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Mortgagee The Citizens National Bank of Southwestern Ohio, nka Civista Bank ("Citizens"), appeals from the trial court's May 29, 2015 judgment, granting a judgment and decree of foreclosure against Mortgagors John and Katherine Harrison, in favor of another mortgagee, Fifth Third Mortgage Company, fka CitFed Mortgage Corporation of America. For the following reasons, the trial court's judgment will be affirmed.

### I. Factual and Procedural History

**{¶ 2}** The record reveals the following facts:

**{¶ 3}** On March 31, 1989, John Harrison borrowed $81,600 from CitFed Mortgage. Harrison executed an adjustable rate note for that amount, and the note was secured by a 30-year mortgage on the real property located at 2222 Powers Lane in Kettering, Ohio. In 1998, CitFed Mortgage amended its articles of incorporation. As part of those amendments, its name changed to Fifth Third Mortgage.

**{¶ 4}** In January 2002, Harrison and his wife, Katherine, executed an Open-End Mortgage in favor of Citizens, which granted Citizens a mortgage on the property located at 2222 Powers Lane, in addition to seven other properties. The mortgage indicated that the maximum amount of loan indebtedness secured by the mortgage was $311,000. The document stated that "Grantor and Lender intend that, in addition to any other indebtedness or obligations secured hereby, this Mortgage shall secure indebtedness arising from loan advances made by Lender after this Mortgage is delivered to the recorder for record."

**{¶ 5}** On April 18, 2011, the Harrisons borrowed $164,721.29 from Citizens and executed a cognovit note for the loan.

{¶ 6} On May 22, 2014, Citizens filed a complaint in foreclosure against the Harrisons, claiming that the Harrisons were in default of their cognovit note and that they owed a principal amount of $140,036.56, plus interest, fees, and expenses. Citizens sought judgment on the note and foreclosure of the property located at 2222 Powers Lane. Citizens acknowledged that CitFed Mortgage (Fifth Third) and the Montgomery County Treasurer might have an interest in the property, and those parties were also named as defendants.

{¶ 7} The Montgomery County Treasurer was served by certified mail on May 28, Fifth Third was served by certified mail on May 29, Katherine Harrison was served by regular mail on June 20, and John Harrison was served by regular mail on June 24, 2014. The Montgomery County Treasurer filed a timely answer to Citizens' complaint, but the Harrisons and Fifth Third did not. On August 6, 2014, Citizens filed a motion for a default judgment against the Harrisons and Fifth Third.

{¶ 8} On September 16, 2014, Fifth Third filed a motion for leave to file an answer, counterclaim and cross-claim instanter, pursuant to Civ.R. 6(B).[1] Fifth Third stated that counsel had just been retained, that no prejudice would result to any of the parties, as judgment had not yet been entered, that the motion was not meant for delay or as a disregard for the Civil Rules, and that Fifth Third claimed an interest in the property at issue. Fifth Third further indicated that it "recently processed the summons & complaint for this case and immediately retained counsel to file an answer to protect its interest in the property." A copy of Fifth Third's proposed answer, with cross-claims and a

---

[1] The Harrisons also filed several documents after Citizens moved for a default judgment against them. However, those matters are not pertinent to this appeal.

counterclaim, was attached to the motion.

{¶ 9} Citizens opposed Fifth Third's motion for leave to file its pleading. According to the affidavit of Citizens' counsel, Gary Gottschlich, on June 10, 2014, Gottschlich returned a telephone call from Chelsea Oerwinger, who had called him on behalf of Fifth Third. Oerwinger had indicated that she could not locate Fifth Third's mortgage, and Gottschlich provided her with the mortgage information. Oerwinger had not requested an extension of time to file an answer. Citizens argued in its memorandum that Fifth Third's conduct in waiting until September 16 to seek to answer the complaint did not constitute excusable neglect under Civ.R. 6(B).

{¶ 10} Fifth Third filed a reply memorandum, emphasizing that the trial court had discretion to permit the late filing and that "granting Plaintiff's default judgment against [Fifth Third] would result in inequities and give Plaintiff a windfall for which it has not bargained." Fifth Third stated that its late response was "not intended to delay or confuse the proceedings and the failure to answer within the proscribed deadline was merely an innocent oversight." It further noted that the motion for leave was made prior to the entry of judgment and that Citizens would not be prejudiced by the late filing. It stated that permitting Fifth Third to assert its interest would not delay Citizens' case, but would merely properly identify the priorities of the secured parties.

{¶ 11} On October 24, 2014, the trial court granted a default judgment to Citizens against the Harrisons, but denied Citizens' motion for a default judgment against Fifth Third. The trial court granted Fifth Third's motion to file its answer, cross-claim, and counterclaim instanter, and it directed Fifth Third to file its pleading within seven days. Fifth Third did not comply with the trial court's directive.

{¶ 12} On November 4, 2014, Citizens renewed its motion for a default judgment against Fifth Third. The same day, Fifth Third filed its answer, cross-claims, and counterclaim. Fifth Third's answer included cross-claims against the Harrisons for defaulting on their note; it alleged that the Harrisons owed a principal amount of $25,168.08, plus interest, advances and other charges. Fifth Third sought a monetary judgment and a decree of foreclosure for 2222 Powers Lane. Fifth Third also brought a counterclaim against Citizens, asking that its mortgage be adjudged a valid first lien on the property.

{¶ 13} Two days later (November 6), Citizens moved to strike Fifth Third's pleading. Citizens argued that the answer was filed out of time and that Fifth Third had failed to seek leave to file it. Fifth Third responded that it had not been served with the trial court's October 24 entry, and that counsel for Fifth Third became aware of that entry through a routine check of the online case docket on November 4. Counsel for Fifth Third stated that she immediately submitted the pleading through the trial court's electronic filing system. She stated that neither Fifth Third nor its counsel intentionally disregarded the trial court's October 24 entry or its seven-day time frame for filing the pleading. Counsel for Fifth Third supported the response with an affidavit, including a printout of her notifications from the court's eFiling system. The list of notifications did not include a notification for the trial court's October 24 decision.

{¶ 14} On December 11, 2014, the trial court overruled Citizens' renewed motion for default judgment against Fifth Third. Ultimately, on May 29, 2015, the trial court granted a judgment and decree of foreclosure against the Harrisons in favor of Fifth Third. (The trial court had previously granted a judgment and decree of foreclosure against the

Harrisons in favor of Citizens.[2])  The court prioritized the liens and determined the amounts due thereon.   It found that Fifth Third had the valid first lien and that Citizens' lien was junior to Fifth Third's, but both liens were junior to the claim of the Montgomery County Treasurer.   The trial court granted monetary judgments to Fifth Third and Citizens, foreclosed the mortgages, and ordered the property to be sold.

{¶ 15} Citizens appeals the trial court's May 29 judgment, raising two assignments of error.   We will address them together.

## II. Permission to File Untimely Answer

{¶ 16} Citizens' assignments of error state:

1.   The Trial Court erred in finding "excusable neglect" and permitting Appellee Fifth Third Mortgage Company f/k/a Citfed Mortgage Corporation of America to file its Answer, Cross-claim, and Counterclaim out of time when the record is devoid of any evidence demonstrating "excusable neglect" as required by Ohio Rule of Civil Procedure 6(B)(2).

2.   The Trial court erred in permitting Appellee Fifth Third Mortgage Company f/k/a Citfed Mortgage Corporation of America to file its Answer, Cross-claim, and Counterclaim out of time when said pleadings were filed after a court-established deadline for filing same and without first seeking leave of court and showing "excusable neglect."

{¶ 17} "Civ.R. 12(A)(1) provides that a defendant shall serve his answer within

---

[2] The Harrisons appealed this judgment and decree of foreclosure.   *The Citizens Natl. Bank of Southwestern Ohio v. Harrison*, 2d Dist. Montgomery No. 26498.   We dismissed the appeal for lack of a final, appealable order.   *Id.*, Decision and Final Judgment Entry, Dec. 3, 2015.

twenty-eight days after service of the complaint. Pursuant to Civ.R. 6(B), upon motion made after the expiration of the specified period, the trial court may permit a defendant to file an answer if his failure to do so was the result of excusable neglect. Although Civ.R. 6(B) grants broad discretion to the trial court, its discretion is not unlimited. *Miller v. Lint* (1980), 62 Ohio St.2d 209, 214 * * *. Generally, some showing of excusable neglect is a necessary prelude to the filing of an untimely answer." *Alldred v. Alldred*, 2d Dist. Montgomery No. 17043, 1998 WL 769814, *2 (Nov. 6, 1998), quoted by *Stumpff v. Harris*, 2d Dist. Montgomery No. 23354, 2010-Ohio-1241, 2010 WL 1138972, *3 (Mar. 26, 2010) and *Ihenacho v. Ohio Inst. Of Photography & Technology*, 2d Dist. Montgomery No. 24191, 2011-Ohio-3730, ¶ 18-19. "[T]he test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *Id.*

{¶ 18} "Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Davis v. Immediate Medical Services, Inc.*, 80 Ohio St.3d 10, 14, 684 N.E.2d 292 (1997). "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466, 650 N.E.2d 1343 (1995), citing *Marion Production Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988). In determining whether neglect is excusable, courts may consider "the danger of prejudice to the [movant], the length of delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

(Citation omitted.) *First Union-Lehman Bros.-Bank of Am. Commercial Mtge. Trust v. Pillar Real Estate Advisors, Inc.*, 2d Dist. Montgomery No. 25864, 2014-Ohio-1105, ¶ 15.

**{¶ 19}** Here, Fifth Third's statutory agent was served with the complaint and summons on May 29, 2014. On June 10, 2014, Gottschlich spoke with an individual who called on behalf of Fifth Third and indicated that she could not locate the Harrisons' mortgage with Fifth Third. The record contains no additional information about this employee or about what occurred during the three months between that telephone call and September 2014. Fifth Third's counsel stated in its September 16 motion that Fifth Third had "recently processed the summons & complaint for this case and immediately retained counsel to file an answer to protect its interest in the property." Counsel stated that she had just been retained.

**{¶ 20}** Based on Gottschlich's information, it is apparent that Fifth Third was aware of the complaint and attempted to locate the mortgage. Nevertheless, there was a substantial delay in Fifth Third's "processing" of the complaint. Fifth Third represented that, once the complaint was "processed," it promptly obtained an attorney to respond to it and its pleading was filed shortly after counsel was retained. Although Fifth Third's motion for leave was filed nearly four months after it was served with the complaint, the case had not proceeded beyond the pleading stage. There is no indication that Citizens was prejudiced by the filing of Fifth Third's delayed answer, except to the extent that it allowed Fifth Third to assert its lien against the Harrisons' property, thus precluding a potential windfall to Citizens. A motion for default judgment had been filed, but judgment had not yet been rendered against any party.

**{¶ 21}** In granting Fifth Third leave to file its untimely answer, the trial court

indicated that Fifth Third had made an "effort to comply with the applicable procedural rules by seeking court consent before simply filing a belated pleading" and had asserted that its delay was attributed to excusable neglect. The trial court noted that "Citizens argues credibly that Fifth Third's explanation – i.e., that 'it recently processed the summons [and] complaint for this case' and 'counsel has just been retained' – is a weak example of neglect sought to be deemed 'excusable.' " Nevertheless, the trial court emphasized the "rather low bar" for excusable neglect under Civ.R. 6(B), that a default judgment had not been entered, that Citizens would not be significantly prejudiced by the delay in pleading, and that the prejudice to Fifth Third would be great if it were "precluded from asserting its property interest secured by a mortgage that even Plaintiff concedes may be prior in time to Plaintiff's own mortgage interest." The court concluded, "[i]n the exercise of its discretion, balancing the equities in this case," that Fifth Third's delay, albeit neglect, was excusable.

**{¶ 22}** Although the issue is close, we cannot say that the trial court abused its discretion in granting Fifth Third's motion to file its answer instanter. Given the procedural posture of the case, the admonition that cases should be decided on their merits, and the less stringent standard for "excusable neglect" in Civ.R. 6, the trial court reasonably determined that the equities warranted allowing Fifth Third to file its untimely answer. We emphasize that, "whether a party's action or inaction constitutes excusable neglect is commended to the discretion of the trial court, which means that an appellate court must accord the trial court a certain decisional latitude in determining whether its ruling is an abuse of discretion. Therefore, in a close case, the trial court's determination of whether certain action or inaction constitutes excusable neglect may be upheld on

appeal, regardless of what the trial court determines." *Brown v. Household Realty Corp.*, 2d Dist. Miami No. 2003-CA-24, 2003-Ohio-5414, ¶ 18 (discussing Civ.R. 6(B)); *Stumpff* at *5 (quoting *Brown*).

{¶ 23} At oral argument, Citizens suggested that the discretion exercised by the trial court was not "consistent" since the Harrisons had also filed a late answer, yet the trial court struck their answer and granted a default judgment against them. Harrison, pro se, filed an answer (a single page general denial) on August 6, 2014, the same day that Citizens filed its motion for default judgment. Harrison did not seek leave to file his untimely answer, and Citizens moved to strike it. On September 4, Harrison withdrew his August 6 answer, and he filed another answer on behalf of himself and his wife, again without seeking leave of court to do so. Citizens moved to strike the second answer; the Harrisons did not respond. The trial court granted the motion to strike, stating that the Harrisons had failed to "even attempt to demonstrate 'excusable neglect' " and noting that the Ohio Supreme Court has held that a trial court abuses its discretion in allowing an untimely answer to stand in the absence of a Civ.R. 6(B) motion and a showing of excusable neglect. *Lint*, 62 Ohio St.2d at 214, 404 N.E.2d 752. In light of the Harrisons' failure to seek leave to file their untimely answer and their failure to respond to the second motion to strike, the facts and circumstances surrounding the Harrisons' answer are not comparable to those surrounding Fifth Third's.

{¶ 24} The first assignment of error is overruled.

{¶ 25} Second, Citizens argues that the trial court should have stricken the pleading filed on November 4, 2014, as that pleading was filed after the trial court's seven-day deadline.

**{¶ 26}** At the outset, we have stated that, when an answer accompanies the motion for leave to file an answer out of time, the answer becomes effective once the trial court grants leave, and the answer does not need to be filed again. *Stumpff* at *5. Thus, absent the trial court's directive to file a copy within the seven days of the court's grant of leave, Fifth Third's answer, which was attached to its motion to file instanter, was effective upon the trial court's granting of Fifth Third's motion.

**{¶ 27}** Regardless, the trial court reasonably concluded that Fifth Third provided ample justification for failing to comply with the court's seven-day directive. Fifth Third's counsel provided an affidavit indicating that she had "personally reviewed both the internal computer system of Lerner, Sampson & Rothfuss and the Notification page for [her] registered attorney access within the Montgomery County electronic filing system." She stated that her office did not receive notification through the trial court's eFiling system that an entry was issued on October 24, 2015. Counsel attached a printout of her notification page under her registered username with the eFiling system, showing notifications between October 8, 2014 and November 6, 2014. There was no notification for the trial court's October 24, 2014 entry. Three entries related to this case, all in November, were listed. Counsel stated in Fifth Third's memorandum in opposition to Citizens' motion to strike that she discovered the October 24 entry on November 4 through a routine check of the online docket, and she filed the answer and cross-claim immediately thereafter. Under these circumstances, the trial court acted reasonably in denying the motion to strike Fifth Third's answer, filed on November 4, and denying Citizens' November 4 motion for default judgment.

**{¶ 28}** Citizens' second assignment of error is overruled.

## III. Conclusion

**{¶ 29}** The trial court's judgment will be affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Gary W. Gottschlich
Martina M. Dillon
Elizabeth Carullo
Jeffrey R. Helms
Kimberlee S. Rohr
Hon. Mary L. Wiseman