[Cite as *Conrad v. Hamrick*, 2025-Ohio-1773.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

TRAVIS J. CONRAD,

    PLAINTIFF-APPELLANT,

  V.

GARY L. HAMRICK, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 10-24-07

OPINION AND
JUDGMENT ENTRY

Appeal from Mercer County Common Pleas Court
Trial Court No. 21-CV-067

Judgment Affirmed

Date of Decision:  May 19, 2025

APPEARANCES:

    *Michael J. Tremoulis* and *Matthew H. Huffman* for Appellant

    *J. Mark Trimble* for Appellees

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Travis J. Conrad ("Conrad"), appeals the judgments of the Mercer County Court of Common Pleas granting defendants-appellees, Gary Hamrick ("Hamrick") and H.H. Hamrick Farms, Inc. ("H.H. Farms") (collectively, "defendants"), motion for leave to file an answer instanter and denying his motion for default judgment. For the reasons that follow, we affirm.

{¶2} This case stems from a motor vehicle collision that occurred on October 5, 2019 on State Route 49 in Mercer County, Ohio. The collision involved a 2016 Ram pickup truck, operated by Hamrick while in the course of his employment with H.H. Farms, which was towing a trailer carrying a bean header, and a 1988 Harley Davidson motorcycle operated by Conrad. Hamrick was proceeding northbound on State Route 49 and initiated a left turn onto Rockford West Road. Simultaneously, Conrad, also traveling northbound on State Route 49, attempted to overtake Hamrick's vehicle on the left, entering the southbound lane, as Hamrick executed the turn. Conrad sustained serious injuries as a result of the collision. The parties disputed the allocation of liability for the collision.

{¶3} Consequently, on October 1, 2021, Conrad filed a complaint, alleging claims for negligence and respondeat superior against the defendants and a claim for negligence against the Ohio Department of Transportation. The defendants were

served on October 4, 2021. On November 3, 2021, Conrad dismissed his claim against the Ohio Department of Transportation.

**{¶4}** Because the defendants did not file a timely response, Conrad filed a motion for default judgment on November 4, 2021 the day after the defendants' responsive pleading was due.

**{¶5}** On November 8, 2021, the defendants submitted a motion for leave to file their answer instanter, arguing that their failure to file a timely answer was due to excusable neglect, not a willful disregard of the court or legal process.[1] They attributed their failure to inadvertent oversight resulting from counsel's schedule, workload, and initial uncertainty regarding the scope of their representation—i.e., whether counsel was representing Hamrick *and* H.H. Farms—after receiving the case file from Hamrick's insurance carrier. The defendants further contended that granting leave would not prejudice Conrad, as the motion for default judgment was still pending and no trial or pretrial dates had been scheduled. Conrad filed a memorandum in opposition to the defendants' motion for leave to file an answer on November 9, 2021, asserting that the reasons provided by the defendants did not constitute excusable neglect under the applicable legal standard, and that the failure to file a timely answer was preventable.

---

[1] The trial court's October 21, 2024 entry indicates the while defendants' motion for leave was submitted on November 8, 2021, it was not recorded on the court's docket until November 12, 2021.

{¶6} On November 12, 2021, the trial court granted the defendants' motion for leave to file their answer and filed their answer instanter, explicitly stating that it had considered the motion despite the file stamp discrepancy. That same day, the trial court denied Conrad's motion for default judgment.

{¶7} Conrad filed a notice of appeal on December 13, 2021, challenging the trial court's denial of his motion for default judgment, but later voluntarily dismissed the appeal on January 21, 2022, after determining that the order was not a final appealable order.

{¶8} On July 19, 2023, Conrad filed a motion for reconsideration, requesting that the trial court reconsider its November 12, 2021 decision granting the defendants' motion for leave to file their answer instanter and denying his motion for default judgment. In his motion, Conrad argued that the defendants should not have been granted leave to file their answer under Civ.R. 6(B)(2) because they did not provide sufficient facts to establish excusable neglect for their failure to file a timely answer. The defendants filed a memorandum in opposition to Conrad's motion for reconsideration on August 1, 2023. After a hearing on August 28, 2023, the trial court denied Conrad's motion for reconsideration on October 25, 2023 after determining that it had properly considered all the facts and issues in its original decision and agreeing with the previous decision to grant the defendants leave to file their answer and to deny Conrad's motion for default judgment. Specifically,

the trial court concluded that the defendants' failure to file a timely answer was due to excusable neglect and did not warrant a default judgment.

{¶9} Prior to trial, the parties filed a motion to bifurcate the trial, seeking to first determine negligence, because they had agreed to resolve the case based on the jury's finding of negligence. The case proceeded to a jury trial on September 11-12, 2024, and on September 12, 2024, the jury returned a verdict in favor of the defendants. Consequently, the trial court entered judgment in favor of the defendants on September 16, 2024.

{¶10} Conrad filed his notice of appeal on October 11, 2024. On November 1, 2024, the defendants filed a motion to dismiss Conrad's appeal, asserting that a pre-trial high-low agreement entered into by the parties precluded Conrad from appealing. Following Conrad's opposition to the defendants' motion to dismiss, this court denied the defendants' motion to dismiss, explaining that the parties' high-low agreement applied only to the issue of damages. Conrad raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Erred In Granting Defendants' Motion For Leave To File Defendants-Appellees' Answer, Instanter And, In Turn, Denying Plaintiffs' Motion For Default Judgment.**

{¶11} In his sole assignment of error, Conrad argues that the trial court erred by granting the defendants leave to file a late answer and by denying his motion for

default judgment. Specifically, Conrad challenges the trial court's findings regarding the defendants' excusable neglect for failing to file a timely answer.

*Standard of Review*

**{¶12}** A trial court's decision to grant a default judgment or to grant leave to file a late answer under Civ.R. 6(B) upon a finding of excusable neglect will not be reversed absent an abuse of discretion. *Watts v. Fledderman*, 2018-Ohio-2732, ¶ 36 (1st Dist.). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

**{¶13}** Civ.R. 55 permits a trial court to "enter a default judgment "'against a defendant who has failed to timely plead in response to an affirmative pleading.""'" *Chapman v. O'Shaughnessy*, 2024-Ohio-2926, ¶ 46 (10th Dist.), quoting *Asamoah v. Sygma Network, Inc.*, 2022-Ohio-1868, ¶ 10 (10th Dist.), quoting *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). "Only when a defendant "'fails to contest the opposing party's allegations" by either pleading or otherwise defending does a default arise.'" *Id.*, quoting *Hillman v. Edwards*, 2009-Ohio-5087, ¶ 6 (10th Dist.), quoting *Ohio Valley* at 121.

**{¶14}** "In general, courts disfavor default judgments." *Id.* "'Granting a default judgment, analogous to granting a dismissal, is a harsh remedy that should be imposed only when the actions of the defaulting party create a presumption of

willfulness or bad faith.'" *Id.*, quoting *Hillman* at ¶ 6. Thus, notwithstanding this court's "deferential standard of review [for default judgment], courts of appeals and trial courts, alike, must be mindful that '[g]enerally, the law disfavors default judgments' and '[t]he general policy in Ohio is to decide cases on their merits whenever possible.'" *U.S. Bank Natl. Assn. v. Maxfield*, 2016-Ohio-3396, ¶ 10 (12th Dist.), quoting *Baines v. Harwood*, 87 Ohio App.3d 345, 347 (12th Dist. 1993).

{¶15} "To militate against the harshness of a default judgment, Civ.R. 6(B) permits a trial court to grant a party additional time to file a pleading or response." *Chapman* at ¶ 47, quoting *Asamoah* at ¶ 15. When "a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion upon a showing of excusable neglect." *Brooks v. Progressive Ins. Co.*, 1994 WL 376768, *2 (9th Dist. July 20, 1994). "Although the term 'excusable neglect' is an elusive concept that courts often find difficult to define and to apply, the cases discussing excusable neglect reveal some general principles." *Lester v. Chivington*, 2015-Ohio-5446, ¶ 19 (3d Dist.).

{¶16} "Indicators of whether neglect was excusable in a particular circumstance include whether the opposing party was prejudiced by the delay, the relative length of the delay, and whether the opposing party filed its own materials in a timely manner." *Chapman* at ¶ 47. "Examples of instances where a court might find excusable neglect include the following:  the party had neither knowledge nor

notice of the pending legal action; counsel of record suffers from personal or family illness; and counsel of record fails to appear for trial because he has not received notice of a rescheduled trial date." *Lester* at ¶ 19. "A majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney." *Id.*

{¶17} "'Neglect is inexcusable, pursuant to Civ.R. 6(B), when a party's inaction can be classified as a "complete disregard for the judicial system."'" *Id.* at ¶ 20, quoting *Reimund v. Reimund*, 2005-Ohio-2775, ¶ 16 (3d Dist.), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976). "Likewise, conduct falling 'substantially below what is reasonable under the circumstances' constitutes inexcusable neglect." *Id.*, quoting *GTE* at 152. "Further, if the party could have prevented the circumstances from occurring, neglect will not be considered excusable." *McKinley v. Rhee*, 2002 WL 596113, *1 (3d Dist. Apr. 17, 2002).

{¶18} When "'determining whether neglect is excusable or inexcusable, this Court must take into consideration the surrounding facts and circumstances, and must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds.'" *Lester* at ¶ 18, quoting *Univ. of Akron v. Mangan*, 2008-Ohio-4844, ¶ 10 (9th Dist.). "When considering these circumstances and the preference for settling cases on their merits, we are also mindful that 'the test for excusable neglect under Civ.R. 6(B)(2) is less stringent

than that applied under Civ.R. 60(B).'" *Id.*, quoting *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 466 (1995). *See also Chapman* at ¶ 47 ("The Civ.R. 6(B) excusable neglect standard is notably forgiving."), quoting *Asamoah*, 2022-Ohio-1868, at ¶ 16 (10th Dist.).

**{¶19}** In this case, Conrad contends that the trial court abused its discretion by denying his motion for default judgment and by granting the defendants leave to file a late answer. He argues that the trial court misapplied the legal standard for excusable neglect under Civ.R. 6(B)(2), asserting that the defendants' conduct did not meet this standard because their reasons for failing to file a timely answer were events that the defendants could have controlled or avoided. Disputing Conrad's arguments, the defendants contend that the trial court properly exercised its discretion by finding excusable neglect. They maintain that their failure to file a timely answer was indeed due to excusable neglect, citing the receipt of the case file on October 12, 2021 from Hamrick's insurance carrier, uncertainty about representing both parties until November 5, 2021, office workload, and inadvertently overlooking the answer date.

**{¶20}** We conclude that the trial court did not abuse its discretion by denying Conrad's motion for default judgment after granting the defendants leave to file a late answer. *Accord Citizens Natl. Bank of SW Ohio v. Harrison*, 2016-Ohio-2746, ¶ 22 (emphasizing that "whether a party's action or inaction constitutes excusable neglect is commended to the discretion of the trial court, which means that an

appellate court must accord the trial court a certain decisional latitude in determining whether its ruling is an abuse of discretion" and that a "trial court's determination of whether certain action or inaction constitutes excusable neglect may be upheld on appeal, regardless of what the trial court determines"), quoting *Brown v. Household Realty Corp.*, 2003-Ohio-5414, ¶ 18 (2d Dist.). Importantly, the surrounding facts and circumstances of this case reflect that the trial court did not abuse its discretion by determining that the defendants demonstrated excusable neglect. Indeed, the trial court's decision properly reflects that, when determining excusable neglect here, it considered all of the surrounding facts and circumstances, as it was required to do, rather than limiting its analysis solely to the defendants' reasons for filing their answer late.

{¶21} Specifically, the defendants' failure to file a timely answer in this case was attributed to factors such as counsel's schedule, workload, and confusion regarding the scope of representation. While these reasons might not always constitute excusable neglect, the trial court considered the totality of the circumstances presented this case and determined that they amounted to excusable neglect in this instance.

{¶22} Importantly, the defendants delay in filing their motion for leave to file their answer was relatively short. *Compare Chapman*, 2024-Ohio-2926, at ¶ 48 (10th Dist.); *Wilson v. Sears Roebuck & Co.*, 2009-Ohio-16, ¶ 29 (5th Dist.) (reviewing that the "[a]ppellee filed its motion within a few days of the answer date

and six days after appellants' Motion for Default Judgment was filed"). In particular, Conrad filed his complaint on October 1, 2021 (and the defendants were served on October 4, 2021), rendering the answer due on November 3, 2021. *See Harrison* at ¶ 17 ("Civ.R. 12(A)(1) provides that a defendant shall serve his answer within twenty-eight days after service of the complaint."). Conrad filed his motion for default judgment the next day. Despite a discrepancy in the record as to the exact filing date, the record reflects that the defendants submitted their motion for leave to file their answer on November 8, 2021—five days (three business days) after the deadline. In other words, the defendants took reasonably prompt action to rectify the oversight by filing a motion for leave to file an answer, articulating their reasons for their tardiness.

{¶23} Furthermore, while Conrad was briefly delayed in obtaining a resolution in this case, there is no indication that the delay impaired his ability to present his case, default had not yet been entered by the trial court, and Conrad did not suffer significant prejudice beyond the ordinary requirements of litigation. *See Chapman* at ¶ 49. Consequently, considering the high degree of discretion afforded to trial courts in decisions regarding excusable neglect, the preference for deciding cases on their merits, the relatively short delay in this case, and the lack of significant prejudice to Conrad, the trial court did not abuse its discretion by granting the defendants leave to file their answer and or by denying Conrad's motion for default judgment.

{¶24} Conrad's assignment of error is overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

John R. Willamowski, Judge

DATED:
/hls