[Cite as *Glass v. Vinicky*, 2014-Ohio-702.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99953

## MARIJANA GLASS, ET AL.

PLAINTIFFS-APPELLEES

vs.

## JANICEMARIE K. VINICKY

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Shaker Heights Municipal Court
Case No. 12 CVG00869

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and Stewart, J.
**RELEASED AND JOURNALIZED:** February 27, 2014

**ATTORNEY FOR APPELLANT**

Rick Ferrara
Rick L. Ferrara, Esq.
2077 East 4th Street
Second Floor
Cleveland, OH    44114

**ATTORNEY FOR APPELLEES**

Geoffrey C. Hanahan
8570 Mentor Avenue
Mentor, OH    44060

EILEEN A. GALLAGHER, J.:

{¶1} Janicemarie Vinicky appeals the decision of the trial court denying her motion for relief from judgment. Vinicky argues that she excusably neglected to defend the case and, thus, the trial court abused its discretion when it denied her motion for relief from judgment. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} Plaintiffs-appellees Marijana Glass and Nicole Basista, by and through her legal guardian Marijana Glass, are the owners of real property located at 2531 Milton Road in University Heights, Ohio. On July 20, 2010, plaintiffs-appellees entered into a land contract and purchase agreement with Vinicky. The purchase agreement obligated Vinicky to pay $170,000 for the property with $3,000 as earnest money to be paid directly to the sellers. The installment land contract, which incorporated the terms of the purchase agreement, obligated Vinicky to pay 360 equal payments of $797.28 to plaintiffs-appellees.

{¶3} On July 10, 2012, plaintiffs-appellees filed a complaint in the Shaker Heights Municipal Court. Plaintiffs-appellees asserted that Vinicky failed to make her rental payments from August 1, 2010 to May 2, 2011, for a total loss of $12,027.20. Plaintiffs-appellees also argued that Vinicky failed to pay the real estate taxes pursuant to the land contract for an additional loss of $4,643.63. Plaintiffs-appellees sought total damages of $15,000, cancellation of the land contract, restitution of the premises and

forfeiture of Vinicky's rights to the premises.

{¶4} On August 13, 2012, plaintiffs-appellees filed their first set of interrogatories, request for admissions and request for production of documents. Vinicky failed to respond and, on September 26, 2012, plaintiffs-appellees moved the trial court to deem the admissions admitted. On October 5, 2012, plaintiffs-appellees filed a motion for summary judgment, based in part on Vinicky's failure to respond in any meaningful way to the lawsuit. On December 19, 2012, the trial court granted plaintiffs-appellees' motion, finding as follows:

> In this case the defendant has not supplied affidavits or other material specified in Civ.R. 56(C) which suggests that a question of material fact exists. Defendant has also not responded to plaintiffs' requests for admissions. Therefore the facts therein are deemed admitted. Furthermore defendant has not presented any opposition whatsoever to the motion. Consequently, the court finds that there exists no genuine issue of material fact and that plaintiffs are entitled to judgment as a matter of law.

{¶5} On March 28, 2013, Vinicky filed a motion for relief from judgment. In her motion, Vinicky argued that she excusably neglected to respond to the lawsuit and that the contract upon which the lawsuit was based was void because Marijana Glass had no authority to sign or enforce the installment land contract on behalf of Nicole Basista. In particular, Vinicky states that the sudden and violent death of her father during the same year the instant lawsuit was filed constitutes excusable neglect. Further, Vinicky argues that the land contract is unenforceable because Marijana Glass, who signed the

land contract, was not a guardian of Basista until after the parties signed the land contract. Thus, Vinicky claims, the agreement was void and she is entitled to relief from judgment.

{¶6} Plaintiffs-appellees responded and the trial court denied Vinicky's motion. Vinicky appeals, raising the following assigned error:

The trial court abused its discretion in denying Appellant's motion for relief from judgment.

{¶7} In *GTE Automatic Elec. Inc., v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Ohio Supreme Court stated the following:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered.

{¶8} The trial court's ruling on a motion for relief from judgment will be reversed only for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). An "abuse of discretion means more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} Vinicky argues that she is entitled to relief under Civ.R. 60(B)(1), excusable

neglect, because of "the sudden and violent death of her father in the same year it was filed, and subsequent, personal medical issues that occurred as a consequence." We disagree. Although "severe depression and emotional strain may support a ground for relief under Civ.R. 60(B)(1) excusable neglect," the cases in which such relief has been granted have involved debilitating emotional or psychological illness such that the person seeking relief alleged an utter incapacity to act with respect to the litigation. *See In re Wood*, 10th Dist. Franklin No. 97APE01-77, 1997 Ohio App. LEXIS 3624 (Aug. 12, 1997).

{¶10} In the present case, we find no abuse of discretion in the trial court's denial of Vinicky's Civ.R. 60(B) motion. Although the materials submitted to the trial court indicate that she was certainly suffering after the sudden death of her father, they failed to establish that Vinicky's condition was so debilitating that she could not attend, in any manner, to the litigation at issue. In fact, one month after her father's passing, Vinicky did participate in the litigation by filing an answer to the instant complaint. Vinicky failed to respond to any discovery or dispositive motion served upon her after that time. However, Vinicky demonstrated an awareness of the complaint and an ability to partake in the litigation through the filing of her answer.

{¶11} We find no merit to Vinicky's argument that she excusably neglected to participate in the litigation.

{¶12} Further, Vinicky failed to present evidence of a meritorious defense or

claim should relief be granted. In her motion, Vinicky argues plaintiff Marijana Glass had no authority to sign or act on Nicole Basista's behalf at the time the land contract was signed and, therefore, the land contract was void. However, at all times during the negotiation for the sale of the property, Marijana Glass was acting on behalf of Nicole Basista and even became her court-appointed guardian with legal authority to act on her behalf. Vinicky's attached exhibit validated this authority in that the Geauga County Probate Court found Marijana Glass authorized to sell the real estate. The effort to sell the property was eventually terminated and the parties subsequently petitioned the Shaker Heights Municipal Court for relief pursuant to the land-contract agreement. The record is clear that Nicole Basista had been deemed incompetent (due to her minority), that her mother Marijana Glass was her appointed guardian, and that the land contract was signed by Vinicky and Marijana Glass as both an owner of the property, as well as in the capacity of the mother and guardian of Basista, a minor.

{¶13} We cannot say that the trial court's denial of the Civ.R. 60(B) motion was unreasonable, arbitrary or unconscionable and we overrule Vinicky's assigned error.

{¶14} The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR


KEYWORDS:
*#99953 - Marijana Glass, Et al. v. Janicemarie K. Vinicky*

Judgment affirmed; excusable neglect; motion for summary judgment; admissions;
motion for relief from judgment.   The judgment of the trial court is affirmed.   Vinicky
failed to establish that she was entitled to relief from judgment pursuant to excusable
neglect. Vinicky failed to establish a meritorious defense had relief been afforded.