[Cite as *Dietrich v. Dobos*, 2015-Ohio-4866.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| J. Richard Dietrich, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-2 |
| v. | : | (C.P.C. No. 12CV-11863) |
| David A. Dobos, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 24, 2015

*Organ Cole LLP, Shawn J. Organ and Erik J. Clark*, for appellee.

*Clifford O. Arnebeck, Jr.*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, David A. Dobos, appeals a judgment of the Franklin County Court of Common Pleas that denied him leave to file an answer and granted plaintiff-appellee, J. Richard Dietrich, default judgment. For the following reasons, we affirm that judgment.

{¶ 2} On September 19, 2012, Dietrich filed suit against Dobos, Lora G. Dobos, and Sheridan Worldwise, Inc. The complaint sought damages caused when defendants failed to repay a $150,000 loan that Dietrich had made to Sheridan Worldwise. Eventually, Dietrich obtained a default judgment against Sheridan Worldwise, and he voluntarily dismissed his claims against Lora Dobos. This appeal concerns solely Dietrich's claims against Dobos.

{¶ 3}   Dobos was served with the complaint and summons via certified mail on September 29, 2012. Dobos, therefore, had to answer or otherwise respond to the complaint by October 29, 2012. Dobos did not do so. Rather, on October 29, 2012, Dobos filed for bankruptcy. Dobos informed the trial court of his bankruptcy the next day, October 30, 2012, by filing a document entitled "Suggestion of Bankruptcy." The bankruptcy filing stayed the instant action against Dobos.

{¶ 4}   Approximately one year later, on October 7, 2013, the bankruptcy court granted a discharge to Dobos under 11 U.S.C. 727. However, the bankruptcy court ruled that Dobos' debt to Dietrich was not dischargeable. With the bankruptcy concluded and the $150,000 debt still owed, Dietrich moved to reactivate the instant action. Dietrich also moved for default judgment.

{¶ 5}   The trial court reactivated this case on November 14, 2013. It granted Dietrich default judgment against Dobos five days later, on November 19, 2013.

{¶ 6}   Dobos appealed the November 19, 2013 judgment to this court. We reversed that judgment because the trial court entered default judgment without first setting a hearing and providing Dobos with timely notice of that hearing. *Dietrich v. Dobos*, 10th Dist. No. 13AP-1053, 2014-Ohio-4023, ¶ 17.

{¶ 7}   We entered judgment remanding this matter to the trial court on September 16, 2014. When Dobos filed nothing in the trial court, Dietrich renewed his motion for default judgment. The trial court scheduled the renewed motion for a non-oral hearing on October 14, 2014. One day prior to the hearing, Dobos moved for leave to file his answer. The next day, Dobos filed a memorandum in opposition to Dietrich's motion for default judgment.

{¶ 8}   In his filings, Dobos argued that his failure to timely answer was the result of excusable neglect and, thus, the trial court should extend the 28-day answer period pursuant to Civ.R. 6(B) and deny Dietrich default judgment. Dobos contended that his neglect in answering was excusable because he suffered from a psychological impairment. To support this contention, Dobos attached to his motion for leave three evaluations of his mental health, each completed by a different psychologist.

{¶ 9}   In each evaluation, the examining psychologist addressed whether Dobos' mental health affected his ability to participate in the bankruptcy litigation. Dr. Peter M.

Barach concluded that, in the summer of 2013, Dobos met the diagnostic criteria for adjustment disorder with mixed anxiety and chronic depressed mood. According to Barach, the resultant symptoms of Dobos' disorder "included worry [and] avoidance of anxiety producing activities pertaining to the lawsuits." (R. 102.) Dr. George E. Serednesky stated that, during June, July, and August 2013, Dobos suffered from adjustment disorder with mixed disturbance of emotions and conduct. Serednesky determined that this disorder rendered Dobos unable to engage in the prosecution of his bankruptcy action.

{¶ 10} The third psychologist, Dr. Daniel L. Davis, also considered whether Dobos' mental health played a role in his failure to respond to the complaint in the instant action. Davis determined that Dobos was most likely best diagnosed with an unspecified mood disorder and an unspecified anxiety disorder. Davis also stated that Dobos "became overwhelmed and[,] due to his extreme stress and defensiveness[,] engaged in avoidance behaviors that resulted from his psychological condition." (R. 100, 101.)

{¶ 11} In a judgment dated December 2, 2014, the trial court denied Dobos' motion for leave to file an answer and granted Dietrich default judgment. Dobos now appeals that judgment, and he assigns the following errors:

> Assignment of Error No. 1: THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT DAVID A. DOBOS BY DENYING HIS MOTION FOR LEAVE TO FILE AN ANSWER TO THE PLAINTIFF'S COMPLAINT.
>
> Assignment of Error No. 2: THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT DAVID A. DOBOS BY GRANTING THE PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST HIM.

{¶ 12} By his first assignment of error, Dobos argues that the trial court erred in denying his motion for leave to file an answer. We disagree.

{¶ 13} Civ.R. 6(B)(2) allows a trial court to extend the time to file a late pleading "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." In determining whether the neglect at issue qualifies as excusable or not, a court must examine all the surrounding facts and

circumstances. *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14 (1997). A court also must remain mindful that, optimally, cases should be decided upon their merits, not procedural grounds. *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466 (1995). Given that consideration, the excusable neglect standard under Civ.R. 6(B)(2) is notably forgiving. *Hillman v. Edwards*, 10th Dist. No. 10AP-58, 2010-Ohio-3524, ¶ 11. Nevertheless, a court may deny an extension if the moving party's neglectful conduct falls substantially below what is reasonable under the circumstances or reflects a complete disregard for the judicial system. *Id.* at ¶ 10.

{¶ 14} A trial court exercises its discretion in deciding a motion for an extension under Civ.R. 6(B)(2). *Lindenschmidt* at 465. Consequently, an appellate court must uphold a ruling on such a motion absent an abuse of discretion. *Davis* at 14. An abuse of discretion is more than an error in law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Lindenschmidt* at 465.

{¶ 15} In the case at bar, Dobos blames his failure to timely answer on his mental disorder. No previous Ohio case has addressed whether neglectful conduct caused by a mental disorder is excusable under Civ.R. 6(B)(2). However, Ohio courts have addressed this issue in the context of Civ.R. 60(B)(1), which permits a court to grant relief from a judgment if the moving party demonstrates excusable neglect. In the Civ.R. 60(B)(1) cases, appellate courts have found no abuse of discretion in the denial of relief when the moving party cannot show a "debilitating emotional or psychological illness such that the person seeking relief [evinces] an utter incapacity to act with respect to the litigation." *Poulos v. State Auto. Mut. Ins. Co.*, 1st Dist. No. C-020226, 2003-Ohio-2899, ¶ 14; *accord Glass v. Vinicky*, 8th Dist. No. 99953, 2014-Ohio-702, ¶ 9; *Fouts v. Weiss-Carson*, 77 Ohio App.3d 563, 566 (11th Dist.1991); *see also Farrell v. Gray*, 10th Dist. No. 89AP-1062 (Mar. 27, 1990) (defendant established excusable neglect where his physician provided evidence "that his physical illness caused bizarre behavior, including auditory and visual hallucinations; that his thought processes were illogical; [and] that his judgment, reasoning, concentration, and abstract thinking were impaired"); *Brenner v. Shore*, 34 Ohio App.2d 209, 214 (10th Dist.1973) (defendant established excusable neglect where he suffered a complete physical and mental collapse requiring hospitalization). In other

words, for a person's neglectful conduct to qualify as excusable, the mental disorder at issue must have rendered the party unable to participate in the litigation.

{¶ 16} We recognize that the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)(1). *Lindenschmidt* at 466. Still, we find the cases cited above helpful. While we must temper the standard set by the above cases for application to Civ.R. 6(B)(2), we conclude that, even under Civ.R. 6(B)(2), a party must show significant psychological impairment before his failures become excusable.

{¶ 17} Here, the question is whether Dobos' mental disorder interfered with his ability to file a responsive pleading when it was due. As we stated above, Dobos had from September 29 to October 29, 2012 to answer or otherwise respond to the complaint. Dobos relies on three psychological evaluations to prove that his mental condition impaired his capacity to timely respond. However, all of the evaluations were conducted long after the relevant time frame. Davis and Barach examined Dobos in December 2013, and Serednesky assessed him in April 2014. The lengthy gap between the relevant time period and the diagnoses of mental illness lessens the efficacy of the evaluations. Moreover, two of the evaluations—those of Barach and Serednesky—focus on the wrong time period. They appraise whether Dobos suffered from a mental disorder in the summer of 2013. Only one evaluation, written by Davis, appears to adjudge Dobos' mental condition in October 2012. Consequently, we disregard Barach's and Serednesky's evaluations and consider only Davis' evaluation.

{¶ 18} According to Davis, Dobos' psychological condition caused him to avoid dealing with the litigation against him. Davis, however, did not opine that Dobos' mental disorder prevented him from understanding and attending to his obligations in that litigation, or that it compromised his ability to appreciate the consequences of failing to meet his obligations. Given these shortcomings, we conclude that the trial court did not abuse its discretion when it concluded that Dobos' failure to timely file an answer was inexcusable. While Dobos' psychological condition may explain his inaction, it does not excuse it. Accordingly, we conclude that the trial court did not err in denying Dobos' motion for leave to file an answer, and we overrule Dobos' first assignment of error.

{¶ 19} Because we have found no error in the denial of Dobos' motion, we conclude that the trial court did not err in granting Dietrich's motion for default judgment. Accordingly, we overrule Dobos' second assignment of error as well.

{¶ 20} For the foregoing reasons, we overrule both assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

———————————