[Cite as *Chapman v. O'Shaughnessy*, 2024-Ohio-2926.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Tasha Chapman, :

    Plaintiff-Appellant, :

                                      No. 24AP-43

v. : (C.P.C. No. 23CV-5936)

Maryellen O'Shaughnessy et al., : (ACCELERATED CALENDAR)

    Defendants-Appellees. :

---

D E C I S I O N

Rendered on August 1, 2024

---

**On brief:** *Tasha Chapman*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Brianna T. Morris*, for appellees Maryellen O'Shaughnessy, Franklin County Clerk of Courts, and Bailey Ossing. **Argued:** *Brianna T. Morris*.

**On brief:** *Lipson Neilson PC, Lee M. Brewer*, for appellees Western Surety Company and CNA Surety. **Argued:** *Lee M. Brewer*.

**On brief:** *Kegler, Brown, Hill & Ritter Co., L.P.A., Loriann E. Fuhrer*, for appellee Germain Luxury Imports of Columbus, L.L.C., d/b/a Germain Lexus of Easton. **Argued:** *Loriann E. Fuhrer*.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Tasha Chapman, pro se, appeals from judgments entered by the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss filed by appellees Franklin County Clerk of Courts Maryellen O'Shaughnessy and

Franklin County Clerk of Courts employee Bailey Ossing (individually, where applicable, "O'Shaughnessy" and "Ossing," and together, where applicable "the County appellees"), granting the Civ.R. 12(B)(6) motion to dismiss filed by appellee Germain Luxury Imports of Columbus, L.L.C., d/b/a Germain Lexus of Easton ("Germain"), and granting the Civ.R. 56 motion for summary judgment filed by appellees Western Surety Company and CNA Surety (together, where applicable, "Western").[1] For the following reasons, we affirm those judgments.

## I. Facts and Procedural History

{¶ 2} On August 18, 2023, appellant filed a civil action against all appellees. Although difficult to decipher, we glean from the complaint that appellant owned a vehicle purchased from Germain subject to a lien against it in favor of Germain. Appellant alleged that on May 23 and June 27, 2023, the County appellees, in collusion with Germain, wrongfully perfected the lien on the title and caused the issuance of a title to Germain after it twice repossessed the vehicle. Appellant further alleged that in violation of her oath of office as clerk of courts, O'Shaughnessy colluded with her surety, Western, to wrongfully deny appellant's claim for surety coverage. Appellant asserted that O'Shaughnessy and Western were jointly liable for $40,000 (the penal amount of the surety bond) pursuant to state and federal law. (Claims One and Two.) Appellant also sought damages of $130,000 against Western under R.C. Chapter 1345 "for deceptive business practices" in denying appellant's claim for surety coverage. (Claim Three.) Finally, appellant sought $5 million in punitive damages against all appellees, jointly and severally, "pursuant to 42 U.S. Code

---

[1] Appellant's notice of appeal indicates that she is appealing the final judgment entered December 22, 2023. It does not appear from the trial court docket that any judgment was entered on that date. On November 14, 2023, the trial court entered judgment granting the Civ.R. 12(B)(6) motion to dismiss filed by the County appellees. On December 20, 2023, the trial court entered judgment granting the Civ.R. 12(B)(6) motion to dismiss filed by Germain. In each of those judgments, the trial court stated: "All issues not having been decided, this Order is not final and appealable." As these orders did not dispose of all claims between the parties or contain an express determination that there was no just reason for delay, they were interlocutory orders. *Recovery Funding, L.L.C. v. Beckman*, 10th Dist. No. 20AP-592, 2022-Ohio-1095, ¶ 37. On December 21, 2023, the trial court entered judgment granting Western's Civ.R. 56 motion for summary judgment. In that judgment, the trial court stated: "All issues in this matter having now been resolved, this decision is a Final, Appealable Order." Appellant attached to her brief a copy of the December 21, 2023 judgment granting summary judgment to Western. Interlocutory orders are merged into the final judgment; thus, an appeal from the final judgment includes all interlocutory orders merged with it. *Accu-Check Instrument Serv. v. Sunbelt Business Advisors of Cent. Ohio*, 10th Dist. No. 09AP-505, 2009-Ohio-6849, ¶ 23. Because the November 14 and December 20, 2023 interlocutory orders merged into the December 21, 2023 final judgment, we will consider all three judgments for purposes of this appeal.

1983 for [the tortious], malicious deprivation of [her] constitutional rights to equal protection under the laws." (Claim Four.) (Aug. 18, 2023 Compl. at 1-6.)

{¶ 3} Appellant attached to her complaint copies of several documents: (1) the December 14, 2020 public official surety bond executed by Western for principal O'Shaughnessy as clerk of courts, for a four-year term commencing January 4, 2021, with a penal sum of $40,000; (2) the Franklin County Commissioners' December 16, 2020 approval of the surety bond; (3) O'Shaughnessy's oath of office dated December 18, 2020; (4) Western's August 16, 2023 letter denying appellant's claim under the surety bond on grounds that the bond was cancelled prior to O'Shaughnessy's alleged violation of her duties as clerk of courts in May and June 2023; and (5) documentation from the statewide Auto Title Filing System related to appellant's vehicle, including the two repossessions of the vehicle by Germain.

{¶ 4} On September 20, 2023, appellant moved for default judgment against the County appellees. On the same date, the County appellees filed a Civ.R. 12(B)(6) motion to dismiss, arguing appellant's complaint did not comply with Civ.R. 8 and failed to state a claim for which relief could be granted, as they were immune from civil liability pursuant to R.C. 2744.02 and 2744.03. On September 22, 2023, appellant filed a response and objection to the County appellees' "late" filing of the Civ.R. 12(B)(6) motion to dismiss; therein, appellant did not offer any substantive argument to the County appellees' sovereign immunity argument. On October 10, 2023, the County appellees filed a response opposing appellant's motion for default judgment.

{¶ 5} On September 21, 2023, appellant moved for default judgment against Western. On September 26, 2023, Western filed an answer to appellant's complaint and on October 3, 2023, filed a response to appellant's request for default judgment. Appellant filed a reply on October 6, 2023.

{¶ 6} On September 21, 2023, appellant filed a motion for default judgment against Germain. The next day, September 22, 2023, Germain filed a motion seeking an extension of time to move or plead in response to appellant's complaint. Germain asserted that appellant had already filed a lawsuit against it in Franklin C.P. No. 23CV-4218; Germain had just become aware of the complaint filed in the present case and needed additional time to consider an appropriate response. On September 27, 2023, Germain filed a Civ.R.

12(B)(6) motion to dismiss, arguing appellant failed to state a claim for which relief could be granted, appellant having failed to allege that Germain is a state actor capable of being sued under 42 U.S.C. 1983 and having failed to allege a violation of her federal constitutional rights.

{¶ 7} The next day, September 28, 2023, Germain filed a response to appellant's motion for default judgment. Therein, Germain asserted that appellant's pending lawsuit was based on the same nucleus of facts as those alleged in the present action, and that counsel for Germain had been receiving electronic notices of filings in that lawsuit. Germain further asserted that appellant had failed to alert counsel to the filing of the instant lawsuit; as a result, upon receiving the complaint in the mail, counsel mistakenly believed it to be a pleading filed in appellant's pending lawsuit. Germain asserted that upon discovering its error, it filed a motion for extension of time to move or plead on September 22, 2023, and thereafter, on September 27, 2023, filed its Civ.R. 12(B)(6) motion to dismiss. Germain asserted that its motion to move or plead had been filed pursuant to Civ.R. 6(B)(2), which permits an untimely filing based on excusable neglect. On October 1, 2023, appellant filed a reply and objections to Germain's "late" motion to dismiss. Within that filing, appellant argued the statements provided by Germain's counsel regarding the failure to timely respond to appellant's complaint constituted hearsay, having not been provided in a sworn affidavit. By order issued October 9, 2023, the trial court granted Germain's motion for extension of time to move or plead, extending the deadline to October 16, 2023. On October 29, 2023, appellant filed a document reasserting she was entitled to default judgment based on Germain's failure to timely move or plead in response to her complaint. Appellant again asserted that Germain's counsel's statements constituted hearsay insufficient to establish excusable neglect.

{¶ 8} On October 25, 2023, appellant filed a "Motion for Ex Parte Preliminary Injunctive Relief with Asset Freeze and Other Equitable Relief & Request for a Writ of Execution" against Germain. Germain responded to that motion on October 26, 2023. On November 1, 2023, appellant filed a "Motion for Direct [sic] Verdict, Preliminary Injunction with Asset Freeze and Other Equitable Relief" against Western and O'Shaughnessy.

{¶ 9} On November 13, 2023, the trial court issued a judgment entry dismissing all appellant's pending motions. As to appellant's motions for default judgment, the court

found that all appellees had filed either an answer or appearance of counsel, and that any late filing of appearance or pleading was subject to the legal principle preferring disposition of cases on their merits rather than on procedural grounds. For multiple reasons, the trial court found no merit to appellant's motions for preliminary injunction/asset freeze.

{¶ 10} Also on November 13, 2023, the trial court issued a directive ordering appellant, counsel for the County appellees, and counsel for Western to brief issues concerning: (1) whether there existed a surety bond for O'Shaughnessy during the relevant time period; (2) whether the non-existence of a surety bond impacted the legality of the County appellees' conduct; and (3) whether there was any causal connection between the existence/non-existence of the surety bond and the damages allegedly sustained by appellant. The directive imposed a briefing deadline of November 27, 2023.

{¶ 11} The next day, November 14, 2023, the trial court filed a judgment entry granting the County appellees' Civ.R. 12(B)(6) motion to dismiss. The court found the County appellees were acting in their official capacities as the elected clerk of courts and employee of the clerk of courts, that the conduct alleged by appellant pertaining to motor vehicle title operations involved a governmental function for which immunity from damages is granted by R.C. Chapter 2744, and that none of the five statutory exemptions to immunity existed. Accordingly, the trial court concluded that the County appellees were entitled to immunity from any civil liability alleged in the complaint.

{¶ 12} On November 15, 2023, Western filed a motion for summary judgment pursuant to Civ.R. 56. Western first asserted that no viable claims existed against CNA Surety as it is simply a registered trademark of CNA Financial Corporation, which did not issue any bond in the matter. Western further argued that no genuine issues of material fact existed as to its liability because at Franklin County's request, it had cancelled the surety bond effective February 3, 2023, prior to O'Shaughnessy's alleged wrongful repossessions of appellant's vehicle in May and June 2023. Western further argued that even if the surety bond remained in place, no genuine issues of material fact existed because its obligations as surety could not exceed those of its principal, O'Shaughnessy, and, as such, if the trial court granted the County appellees' Civ.R. 12(B)(6) motion to dismiss,

appellant's claims against Western arising out of its surety obligation must likewise be dismissed.[2]

{¶ 13} In support of its motion for summary judgment, Western attached an affidavit from Brett T. Buckley, an authorized representative of Western. Buckley's affidavit included several attestations regarding the surety bond, as well as documentation supporting his attestations. Western also attached documentation related to the cancellation of the surety bond on February 3, 2023. These materials are discussed in greater detail in the analysis portion of this decision.

{¶ 14} On November 17, 2023, appellant filed a combined motion requesting the trial court set aside its November 14, 2023 judgment entry granting the County appellees' Civ.R. 12(B)(6) motion to dismiss and opposing the motion for summary judgment filed by Western. Although the portion of the motion related to the dismissal of appellant's claims against the County appellees is difficult to comprehend, it appears appellant argued that: (1) the trial court's citation to R.C. 2744.03 as a basis for granting immunity was incorrect in law and fact; (2) counsel for the County appellees committed multiple illegal acts; and (3) the motion to dismiss failed to comply with Civ.R. 12(B)(6). As to the portion of the motion related to Western's motion for summary judgment, appellant simply stated "I did not read [the motion for summary judgment] because I believe that it will piggyback on the conspiracy against rights that occurs in the FCCCP and it is injurious." (Aplt.'s Nov. 17, 2023 Motions at 17.)

{¶ 15} On November 22, 2023, Western filed a reply in support of the motion for summary judgment, urging the trial court to afford no consideration to appellant's motion in opposition, as she had failed to provide any substantive response to the motion for summary judgment. On November 27, 2023, in accordance with the trial court's November 13, 2023 directive, Western filed a brief addressing the surety bond. Western essentially reiterated the arguments set forth in its motion for summary judgment. On November 30, 2023, the County appellees filed a memorandum opposing appellant's motion to set aside the trial court's judgment entry granting their Civ.R. 12(B)(6) motion to dismiss.

---

[2] As already noted, the trial court granted the County appellees' Civ.R. 12(B)(6) motion to dismiss one day prior to Western's filing of the motion for summary judgment.

{¶ 16} On December 20, 2023, the trial court issued a judgment entry granting the Civ.R. 12(B)(6) motion to dismiss filed by Germain. Noting that appellant's claims against Germain involved alleged violations of appellant's equal protection rights, the trial court first found the allegations failed to establish that Germain is a governmental actor subject to 42 U.C.S. 1983. As to appellant's claim that Germain conspired with O'Shaughnessy, a state actor, to violate appellant's equal protection rights, the trial court found the complaint failed to plead facts supporting appellant's conspiracy claim. Finally, the trial court found appellant's complaint failed to allege any facts to support a claim for discriminatory conduct under 42 U.C.S. 1983.

{¶ 17} On the same date, the trial court issued a judgment entry denying appellant's motion to set aside the judgment granting the Civ.R. 12(B)(6) motion to dismiss filed by the County appellees. Construing appellant's motion as one requesting reconsideration, the court reiterated its determination that the actions taken by the County appellees were within the course and scope of their official duties; accordingly, both were subject to protections afforded public officials and public employees under the doctrine of sovereign immunity.

{¶ 18} The next day, December 21, 2023, the trial court filed a judgment entry granting Western's motion for summary judgment. The court found that because the surety bond issued to O'Shaughnessy by Western was cancelled prior to the alleged improper conduct by O'Shaughnessy, Western could not be held to account under the terms of the cancelled surety bond. The trial court further found that CNA Surety is a trade name only and not a real party; as such, it could not be held responsible under any set of facts.

## II. Assignments of Error

{¶ 19} Appellant appeals and assigns the following assignments of error for our review:

> [I(A).] PREJUDICE, CONSPIRACY AND DEPRIVATION OF THE PLAINTIFF'S RIGHTS UNDER COLOR OF TITLE TO THE CONSTITUTIONAL PROTECTIONS GUARANTEED UNDER OHIO CONSTITUTION ARTICLE 1 SECTION 16, FRAUD ON THE COURT BY OFFICERS OF THE COURT, DEFENDANT FAILURE TO RESPOND PURSUANT TO OHIO CIV. R. 12(B) CANNOT LAWFULLY PROCURE A DISMISSAL OF MY COMPLAINT AGAINST DEFENDANT

ONLY A NEW CLAIMS IN THE U.S. DISTRICT COURT
AGAINST THE PERPETRATORS

[I(B).] DEFENSE COUNSEL HAS NOT LAWFULLY
APPEARED IN MY CIVIL CASE AGAINST DEFENDANT
O'SHAUGNESSY AND DEFENDANT OSSING

[II.] DEFENDANT WESTERN SURETY AND PRINCIPAL
ARE TORTFEASORS

[III.] PLAINTIFF CLAIMS FOR TREBLE DAMAGES
AGAINST DEFENDANTS WESTERN AND CNA PURSUANT
TO THE OHIO CONSUMER SALES PRACTICE ACT (or
"OCSPA") and R.C. 1345.03 et. Seq.

[IV.] JUDGE YOUNG DECISION OF "WELL TAKEN" FOR
DEFENDANT GERMAIN LEXUS BEFORE RECUSING
HIMSELF FOR FEAR OF THE IMPROPRIETY WAS STILL
IMPROPER BECAUSE IT WAS IN VIOLATION OF THE
RULES AND IN VIOLATION OF MY CONSTITUTIONAL
PROTECTIONS UNDER OHIO CONSTITUTION ARTICLE 1,
SECTION 16 TO REDRESS FOR INJURY WITHOUT DELAY

[V.] Judge Hein's November 23, 2023 Directive to Brief the
Issues

(Sic passim.)

## III.  Discussion

{¶ 20} As a preliminary matter, we find appellant's pro se brief deficient as it to fails to conform to the requirements of the Ohio Rules of Appellate Procedure in many respects. Appellant failed to provide a table of contents pursuant to App.R. 16(A)(1); a table of cases pursuant to App.R. 16(A)(2); a statement of the assignments of error pursuant to App.R. 16(A)(3); a statement of the issues pursuant to App.R. 16(A)(4); a statement of the case pursuant to App.R. 16(A)(5); and a statement of facts pursuant to App.R. 16(A)(6). Litigants who choose to proceed pro se are held to the same standard as those litigants who are represented by counsel. *Columbus v. Payne*, 10th Dist. No. 22AP-766, 2023-Ohio-2461, ¶ 6, citing *JP Morgan Chase Bank, N.A.* v. *Cloyes*, 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 9, citing *In re Application Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22.  Appellant's failure to follow the directives of App.R. 16(A) is equivalent to not filing a brief in the first instance and would, in and of itself, be grounds

for dismissing the appeal. *Gomez v. Kiner*, 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 7, citing App.R. 3(A) and 18(C). As such, this court could overrule appellant's assignments of error irrespective of their merit. *Id.* Nonetheless, in our discretion, we will review appellant's assignments of error.

{¶ 21} Appellant's first and fifth assignments of error pertain to the County appellees; as such, we will address them together. Although appellant's arguments are difficult to discern, she appears to challenge the trial court's dismissal of her claims against the County appellees on sovereign immunity grounds. Appellant also suggests the County appellees' motion to dismiss did not comply with Civ.R. 12(B) and, as such, the trial court erred in considering it. Appellant also seems to challenge the Franklin County prosecuting attorney's appearance as counsel for the County appellees. Finally, appellant appears to challenge the dismissal of her claims against the County appellees prior to the November 27, 2023 deadline imposed by the trial court in its November 13, 2023 directive regarding the surety bond.

{¶ 22} Initially, we set forth the standard of review governing Civ.R. 12(B)(6) motions to dismiss. Proceedings under Civ.R. 12(B)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted test the sufficiency of the complaint on its face and the sufficiency of the documents attached to the complaint. *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 22, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). For a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to relief. *Id.*, citing *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14, and *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 23} A court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the non-moving party. *Id.* at ¶ 23, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which could allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Id.*, quoting *York, Adm. v. Ohio*

*State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). A court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Id.*, citing *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 24} Appellant's first argument resolves to whether the trial court properly dismissed her claims against the County appellees on sovereign immunity grounds. R.C. Chapter 2744 addresses "when political subdivisions, their departments and agencies, and their employees are immune from liability for their actions." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 8. To determine whether a political subdivision is entitled to immunity, a court must engage in a three-tiered analysis. *Id.*, citing *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, ¶ 10. In the first tier, a court applies the general grant of immunity set forth in R.C. 2744.02(A)(1), which provides that " 'a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.' " *Id.*, quoting R.C. 2744.02(A)(1). However, because political subdivision immunity afforded by R.C. 2744.02(A)(1) is not absolute, the second tier of the analysis requires a determination regarding whether any of the five exceptions to immunity set forth in R.C. 2744.02(B) apply. *Id.* at ¶ 9, citing *Elston* at ¶ 11. If any of the exceptions to immunity apply, thereby exposing the political subdivision to liability, the third tier of the analysis requires a court to consider whether any of the defenses included in R.C. 2744.03 apply to reinstate immunity. *Id.* at ¶ 9, citing *Elston* at ¶ 12.

{¶ 25} "Immunity is also extended to individual employees of political subdivisions." *Id.* at ¶ 10, citing R.C. 2744.03(A)(6), and *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, ¶ 47. (Further citations omitted.) "For claims against individual employees, the three-tiered analysis used to determine whether a political subdivision is immune is not used." *Id.*, citing *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, ¶ 17. "Instead, R.C. 2744.03(A)(6) provides that an employee is personally immune from liability unless '(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

[or] (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.' For these purposes, allegations of negligence are insufficient to overcome the immunity granted to an employee of a political subdivision who acts within his or her official duties." *Id.*, quoting R.C. 2744.03(A)(6), citing *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356 (1994).

{¶ 26} Here, appellant's claims against the County appellees involve the governmental functions of the Franklin County Clerk of Courts' office. A county is a political subdivision and the "operation of a clerk of courts' office is a governmental function." *Lambert* at ¶ 18, citing R.C. 2744.01(F) ("the term 'political subdivision' includes counties") and R.C. 2744.01(C)(2) ("[providing] a nonexhaustive list of governmental functions"). "An office of a clerk of courts is * * * an instrumentality of a county political subdivision." *Id.* at ¶ 19. "[B]ecause a clerk of courts' office is an instrumentality of the county, through which the county's governmental functions are carried out, the clerk of courts' office, like the county itself, is cloaked with the immunity granted to the political subdivision under R.C. 2744.02." *Id.* at ¶ 20. "[W]hen allegations are made against the elected holder of an office of a political subdivision who is sued in an official capacity, the officeholder is also entitled to the grant of immunity contained in R.C. 2744.02." *Id.* at ¶ 21.

{¶ 27} Appellant sued the County appellees in their official capacities rather than in their individual or personal capacities. Appellant's complaint identifies the County appellees' address as "45 Great Southern Blvd, Columbus Ohio 43207," which is the address of the Franklin County Clerk of Courts Auto Title South. The complaint does not include the words "personally" or "individually" to denote that the County appellees were sued in their individual capacities. *See Lambert* at ¶ 15 (absent signifiers such as "individually" or "personally" indicating that the clerk of courts was being sued in any other capacity than in his official capacity, the clerk was being sued in his official capacity as clerk of courts). Further, and as noted by the trial court, appellant's allegations regarding the validity of the surety bond exist only if O'Shaughnessy was acting in her official capacity as the Franklin County clerk of courts. In addition, the allegations against the County appellees pertain to their performance of governmental functions related to the processing of motor vehicle titles.

{¶ 28} Because the actions of the County appellees in processing motor vehicle titles are governmental functions, the general grant of political subdivision immunity, as established under R.C. 2744.02(A)(1), applies. Appellant has not advanced any argument for an exception to the immunity granted the clerk of courts under R.C. 2744.02(A)(1). Absent any grounds for liability under R.C. 2744.02(B), there is no reason to even consider R.C. 2744.03. *Roberts v. Columbus City Police Impound Div.*, 195 Ohio App.3d 51, 2011-Ohio-2873 (10th Dist.), citing *Wright v. Mahoning Cty. Bd. of Commrs.*, 7th Dist. No. 08-MA-77, 2009-Ohio-561, ¶ 24-25.

{¶ 29} Because the County appellees were sued in their official capacities and not in their individual capacities, they enjoy immunity from suit in this matter.[3] Appellant raised no allegations in her complaint or other filings to overcome this immunity. Despite the allegations in the complaint that the County appellees' conduct was malicious, wrongful and dishonorable, because they were sued only in their official capacities, appellant has raised allegations only against the political subdivision or office over which O'Shaughnessy, as an elected official, presides. *Lambert* at ¶ 22. In sum, because the County appellees were sued in their official capacities for performance of governmental functions, and appellant raises no argument under R.C. 2744.02(B), sovereign immunity applies.[4]

{¶ 30} Regarding appellant's suggestion that the County appellees' motion to dismiss did not comply with Civ.R. 12(B), we note that "[a] defendant may either answer a complaint or opt to present certain defenses by way of motion." *Roberts* at ¶ 9, citing Civ.R.

_____

[3] In a footnote, the trial court averred that "[i]mmunity for individual employees is found in R.C. 2744.03(B)(6). * * * The three tier analysis does not apply unless the employee's conduct is outside their duties, or was malicious with bad faith. None of these circumstances exist here." (Nov. 14, 2023 Jgmt. at 4.) Although the trial court does not expressly so state, we presume its averments pertain to Ossing. We further presume the trial court's reference to R.C. 2744.03(B)(6) is a typographical error, as such subsection does not exist. The immunity extended to an individual employee of a political subdivision when sued in their personal, not official, capacity is set forth in R.C. 2744.03(A)(6). Further, the trial court's reference to R.C. 2744.03 is puzzling, given its finding that both O'Shaughnessy and Ossing "acted within their official capacity." (Jgmt. at 3.)

[4] In her brief, appellant maintains that "the auto title office of Maryellen O'Shaughnessy," in violation of R.C. Chapter 4505, conspired with Germain by assisting them in falsifying documents with respect to appellant's vehicle. (Appellant's Brief at 1.) We note that appellant did not assert a violation of R.C. Chapter 4505 in her complaint; accordingly, the trial court did not have the opportunity to address the issue, and this court will not address it for the first time on appeal. "Issues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court." *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015 ¶ 7; *See J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. No. 13AP-732, 2014-Ohio-1963, ¶ 19 ("Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal. Thus, issues not raised in the trial court are forfeited on appeal."). (Citation omitted.)

12(A)(1) and (B). "If a defendant chooses to defend on the basis that the plaintiff has failed to state a claim upon which relief can be granted, the defendant may assert that defense by motion rather than through an answer." *Id.*, citing Civ.R. 12(B). Further, a defendant may raise sovereign immunity as a defense to claims raised in a complaint via a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, and courts properly analyze such defense via this procedural mechanism. *Id.*; *Rooney v. Ohio State Highway Patrol*, 10th Dist. No. 16AP-204, 2017-Ohio-1123. We thus find no merit to appellant's contention.

{¶ 31} Appellant's challenge to the prosecuting attorney acting as counsel for the County appellees is also without merit. Appellant claims the prosecuting attorney's defense of the County appellees was unlawful because the prosecuting attorney was in violation of the surety bond requirement set forth in R.C. 309.03, as the surety bond with Western was cancelled on February 3, 2023. Appellant first raised this issue in her motion to set aside the trial court's November 14, 2023 dismissal of her claims against the County appellees. In their November 30, 2023 memorandum contra to appellant's motion to set aside, the County appellees argued that exhibits 1 and 2 attached to appellant's motion to set aside demonstrated that Resolution No. 0073-23, dated January 31, 2023, passed by the Franklin County Board of Commissioners, established an employee's dishonesty and faithful performance of duty policy in lieu of individual public official bonds pursuant to R.C. 3.061 and that the surety bond with Western expired after Resolution No. 0073-23 went into effect.[5] The trial court did not address this argument in its decision denying the motion to set aside.

{¶ 32} R.C. 309.03 provides in relevant part that "[e]xcept as otherwise provided in [R.C. 3.061], before entering upon the discharge of the official duties of the prosecuting attorney, the prosecuting attorney shall give a bond, signed by a bonding or surety company approved by the court of common pleas or the probate court and authorized to do business in this state." R.C. 3.061(B) authorizes a political subdivision, including a county, to adopt a policy, by ordinance or resolution, that allows the use of an employee dishonesty and faithful performance of duty policy, rather than a surety bond that would otherwise be

---

[5] The trial court docket does not include any attachments to appellant's motion to set aside. It appears that the County appellees' reference is to documents labeled "Ex. 1" and "Ex. 2" which are attached to both Western's motion for summary judgment and its response to the trial court's directive regarding the surety bond issue.

required by law. R.C. 3.061(A)(2) defines an "[e]mployee dishonesty and faithful performance of duty policy" as a policy of insurance to protect against losses that would otherwise be protected against under a surety bond and to protect against other losses as determined by the political subdivision." As noted, the exhibits upon which the County appellees rely demonstrate the prosecuting attorney fully complied with surety bond requirements and/or employee dishonesty and faithful performance of a duty in lieu of surety bond requirements in accordance with R.C. 309.03 and 3.061.

{¶ 33} Appellant's final contention, that the trial court erred in dismissing her complaint against the County appellees prior to the briefing deadline set by the trial court regarding cancellation of the surety bond, is misplaced. At the time the trial court issued the directive, the County appellees had already moved for dismissal of appellant's claims against them pursuant to Civ.R. 12(B)(6). Appellant did not move to amend her complaint to add allegations related to the surety bond issue. *See Roberts* at ¶ 24 ("when a defendant files a motion to dismiss in lieu of an answer, a plaintiff has a right to file an amended complaint without prior leave of court"). Further, irrespective of the surety bond issue, the County appellees were entitled to dismissal of the claims against them on sovereign immunity grounds.

{¶ 34} For the foregoing reasons, we find the trial court properly granted the County appellees' Civ.R. 12(B)(6) motion to dismiss. Accordingly, appellant's first and fifth assignments of error are overruled.

{¶ 35} Appellant's second and third assignments of error pertain to Western and will be addressed together. In them, appellant essentially contends the trial court improperly granted Western's motion for summary judgment. Specifically, appellant contends Western improperly cancelled the surety bond and that its denial of her claim for surety coverage based on the improper cancellation constitutes an unfair and deceptive business practice in violation of R.C. Chapter 1345.

{¶ 36} "A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party." *Innovative Architectural*

*Planners, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 23AP-116, 2024-Ohio-824, ¶ 18, citing *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29, and *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. "Appellate review of a trial court's ruling on a motion for summary judgment is de novo." *Id.*, citing *Hudson* at ¶ 29. "This means that an appellate court conducts an independent review, without deference to the trial court's determination." *Id.*, citing *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.), and *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 37} "The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Innovative Architectural Planners* at ¶ 19, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations." *Id.*, citing *Dresher* at 293. "Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.*, citing *Dresher* at 293. "If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial." *Id.*, citing Civ.R. 56(E) and *Dresher* at 293. "If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party." *Id.*, citing *Dresher* at 293.

{¶ 38} As noted above, Western's motion for summary judgment argued that no genuine issues of material fact existed as to its liability for surety coverage because at Franklin County's direction, it canceled the surety bond effective February 3, 2023, prior to O'Shaughnessy's alleged wrongful repossessions of appellant's vehicle in May and June 2023. Western further argued that even if the surety bond had not been canceled, no genuine issues of material fact existed because its obligations as surety could not exceed those of its principal, O'Shaughnessy, and, as such, if the trial court granted the County appellees' Civ.R. 12(B)(6) motion to dismiss, appellant's claims against Western arising out of its surety obligation must likewise be dismissed.

{¶ 39} As previously stated, Western supported its motion for summary judgment with the affidavit of its authorized representative, Brett T. Buckley. In his affidavit, Buckley attested that: on December 14, 2020, Western executed as surety a bond on behalf of principal O'Shaughnessy with a penal sum of $40,000 for a four-year term commencing January 4, 2021; Western received a letter dated February 7, 2023 from the Franklin County Administrator requesting cancellation of the surety bond effective February 3, 2023; in accordance with Franklin County's request, Western cancelled the surety bond effective February 3, 2023 and returned the unearned premium to Franklin County; and on July 29, 2023, appellant asserted her claim against the surety bond for damages arising out of O'Shaughnessy's alleged wrongful repossessions of appellant's vehicle on May 23 and June 27, 2023. (Buckley Aff. at ¶ 4-5, 7-8.)

{¶ 40} Buckley attached to his affidavit as exhibits 1 and 2 a copy of the February 7, 2023 letter from Franklin County Administrator Kenneth N. Wilson requesting cancellation of the surety bond for county officials, including clerk of courts O'Shaughnessy, and a copy of Western's Transaction Report and Invoice reflecting cancellation of the bond effective February 3, 2023. In addition to Buckley's affidavit and related attachments, Western also attached exhibit 2, a copy of the Franklin County Board of Commissioners Resolution No. 0073-023, dated January 31, 2023, establishing, in accordance with R.C. 3.061, an employee dishonesty and faithful performance of duty policy in lieu of individual public official bonds that would otherwise be required by law. The Resolution lists the clerk of courts as one of the county officials covered by the employee dishonesty and faithful performance of duty policy.

{¶ 41} Initially, we note that Western's motion for summary judgment, via the documentation attached thereto, affirmatively demonstrated that at Franklin County's direction, Western canceled the surety bond on February 3, 2023; as such, Western had no obligation under the surety bond after February 3, 2023. Appellant's claim under the surety bond was based on O'Shaughnessy's alleged wrongful conduct in May and June 2023, which occurred after cancellation of the bond. In her response to the motion for summary judgment, appellant failed to set forth specific facts demonstrating a genuine issue for trial. Indeed, appellant averred that she did not even read Western's motion for summary judgment.

{¶ 42} Moreover, we find no merit to appellant's suggestion that but for the cancellation of the bond, she would be entitled to recover the penal sum of the bond. In *Cain v. Panitch*, 10th Dist. No. 16AP-758, 2018-Ohio-1595, this court discussed the legal relationship between a principal and surety:

> In general, a surety's liability "is dependent upon, and can be no greater than, that of the principal." *State v. Herbert*, 49 Ohio St.2d 88, 128 (1976). *See also State v. Fed. Ins. Co.*, 10th Dist. No. 04AP-1350, 2005-Ohio-6807, ¶ 9 ("Because the surety's obligation is derived from that of the principal, the liability of the surety is ordinarily measured by the liability of the principal."). In this respect, it has been held that "a surety can assert the defenses of its principal," and therefore whatever " 'amounts to a good defense to the original liability of the principal, is a good defense for the sureties when sued upon the collateral undertaking.' " *Holban v. Interstate Motor Freight Sys.*, 31 Ohio St.3d 152, 156-57 (1987), quoting *State use of Commrs. of Knox Cty. v. Blake*, 2 Ohio St. 147, 150 (1853). *See also Hopkins v. INA Underwriters Inc. Co.* 44 Ohio App.3d 186, 189 (4th Dist.1988) ("As a general rule, a surety on a bond is not liable unless the principal is and, therefore, may plead any defense available to the principal with the exception of defenses which are purely personal to a principal, such as infancy, incapacity, or bankruptcy.").
>
> Because of the general rule that a surety's liability is dependent upon the liability of the principal, " 'there can be no right of action against the surety, as such, * * * [and] [u]ntil the liability of the principal is fixed and determined, a right of recovery against his surety will not accrue.' " *Herbert* at 128-29, quoting 50 Ohio Jurisprudence 2d, Suretyship, section 42, at 557 (1961). Accordingly, " 'Ohio courts have generally held that an action accrues against the surety on a bond when "some sort of determination or adjudication of the liability of the principal has occurred." ' " *Rothschild v. Eckstein*, 9th Dist. No. 09CA009733, 2010-Ohio-4285, ¶ 28, quoting *In re Thomas*, 7th Dist. No. 06 Mo 7, 2008-Ohio-2409, ¶ 75, quoting *Bd. of Ed. of Cleveland* [*City School Dist. v. United Pacific Ins. Co.*, 8th Dist. No. 60374 (June 28, 1991)].

*Id.* at ¶ 54-55.

{¶ 43} As noted above, the trial court properly dismissed appellant's claims against the bond principal, O'Shaughnessy, based on the doctrine of sovereign immunity. As such,

based on the principle that a surety's liability can be no greater than that of the principal, Western, as surety for O'Shaughnessy, cannot be held liable on the bond.

**{¶ 44}** For the foregoing reasons, we find the trial court properly granted Western's motion for summary judgment. Accordingly, appellant's second and third assignments of error are overruled.

**{¶ 45}** In her fourth assignment of error, appellant argues the trial court improperly granted Germain's motion for an extension of time within which to move or plead in response to appellant's complaint, and improperly denied appellant's motion for default judgment.[6]

**{¶ 46}** Pursuant to Civ.R. 55, a trial court may enter a default judgment " 'against a defendant who has failed to timely plead in response to an affirmative pleading.' " *Asamoah v. Sygma Network*, 10th Dist. No. 21AP-405, 2022-Ohio-1868, ¶ 10, quoting *Ohio Valley Radiology Assocs. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). Only when a defendant " 'fails to contest the opposing party's allegations' by either pleading or otherwise defending does a default arise." *Hillman v. Edwards*, 10th Dist. No. 08AP-1063, 2009-Ohio-5087, ¶ 6, quoting *Ohio Valley* at 121. In general, courts disfavor default judgments. *Asamoah* at ¶ 15, citing *Hillman* at ¶ 6. "Granting a default judgment, analogous to granting a dismissal, is a harsh remedy that should be imposed only when the actions of the defaulting party create a presumption of willfulness or bad faith." *Hillman* at ¶ 6, citing *Haddad v. English*, 145 Ohio App.3d 598, 603 (9th Dist.2001). Instead, when possible, cases should be decided on their merits rather than on procedural grounds. *Id.*, citing *Fowler v. Coleman*, 10th Dist. No. 99AP-319 (Dec. 28, 1999). A court of appeals reviews a trial court's decision to grant or deny a motion for a default judgment for an abuse of discretion. *Asamoah* at ¶ 10, citing *Lopez v. Quezada*, 10th Dist. No. 13AP-389, 2014-Ohio-367, ¶ 11. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶ 47}** "To militate against the harshness of a default judgment, Civ.R. 6(B) permits a trial court to grant a party additional time to file a pleading or response." *Asamoah* at ¶ 15, citing *Hillman* at ¶ 7. Under Civ.R. 6(B)(2), a trial court may extend the time to file a

---

[6] Appellant does not challenge the trial court's judgment granting Germain's Civ.R. 12(B)(6) motion to dismiss on the merits.

late pleading " 'upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect.' " *Id.* at ¶ 16, quoting *Davis v. Immediate Med. Servs.* 80 Ohio St.3d 10, 14 (1987). "In determining whether neglect is excusable or inexcusable, a trial court must consider all the surrounding facts and circumstances, but also must be mindful of the admonition that cases should be decided on their merits, where possible, rather than on procedural grounds." *Hillman* at ¶ 13, citing *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 272 (1988). Indicators of whether neglect was excusable in a particular circumstance include whether the opposing party was prejudiced by the delay, the relative length of the delay, and whether the opposing party filed its own materials in a timely manner. *Duffy v. Nourse Family of Dealerships-Chillicothe, Inc.*, 4th Dist. No. 05CA2846, 2006-Ohio-2057, ¶ 11, citing *Quill v. R.A. Invest. Corp.*, 124 Ohio App.3d 653, 664 (2d Dist.1997). "The Civ.R. 6(B) excusable neglect standard is notably forgiving." *Asamoah* at ¶ 16, citing *Dietrich v. Dobos*, 10th Dist. No. 15AP-2, 2015-Ohio-4866, ¶ 13. "A party's conduct only sinks to the level of inexcusable neglect if that conduct falls substantially below what is reasonable under the circumstances or reflects a complete disregard for the judicial system." *Id.*, citing *Dietrich* at ¶ 13 and *Hillman* at ¶ 13-14. A trial court's ruling on a Civ.R. 6(B)(2) motion for extension of time is reviewed for an abuse of discretion. *Id.* at ¶ 17, citing *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995).

{¶ 48} Pursuant to Civ.R. 12(A)(1), a defendant has 28 days after the service of a summons and complaint to file an answer or a Civ.R. 12(B)(6) motion to dismiss. Filing a Civ.R. 12(B)(6) motion to dismiss on the basis that the plaintiff has failed to state a claim upon which relief can be granted is an alternative to answering a complaint. *Roberts*, 2011-Ohio-2873, at ¶ 9. The record reveals that appellant served the summons and complaint to Germain at its business address by certified mail service. "Service by certified mail ' "[e]videnced by return receipt signed by any person," is complete when the clerk notes receiving the return receipt on the docket.' " *Chuang Dev. L.L.C. v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 30, quoting Civ.R. 4.1(A)(1)(a). The record reveals that the clerk noted receiving the certified mail return receipt on August 22, 2023. Accordingly, Germain's answer, or alternatively, motion to dismiss, was due 28 days later on September 19, 2023. Appellant filed her motion for default judgment two days after the

deadline, on September 21, 2023. Germain filed its motion for extension of time one day later, on September 22, 2023, and its Civ.R. 12(B)(6) motion five days thereafter, on September 27, 2023.

{¶ 49} In both its motion for extension of time and its response to appellant's motion for default judgment, Germain explained its reasons for the delay in timely responding to the complaint, i.e., that it mistakenly believed the complaint to be a pleading filed in appellant's pending lawsuit. Although Germain's reasons were not provided via affidavit, appellant does not direct this court to any legal authority requiring such. Further, appellant has not identified any prejudice she suffered as a result of the short delay in Germain's response to the complaint. We further note that Germain had already filed its Civ.R. 12(B)(6) motion to dismiss by the time the trial court granted the motion for an extension of time. We also note that appellant sought a $5 million punitive damages judgment against Germain. "This court has acknowledged that courts in Ohio have adhered to the observation of the federal courts that matters involving large sums of money should not be determined by default judgment if it can reasonably be avoided." *Accu-Check Instrument Serv. v. Sunbelt Business Advisors of Cent. Ohio*, 10th Dist. No. 09AP-505, 2009-Ohio-6849, ¶ 21, citing *Estate of Orth v. Inman*, 10th Dist. No. 99AP-504, 2002-Ohio-3728, ¶ 30, citing *United States v. Williams*, 109 F. Supp. 456, 461 (D.C.Ark.1952). Considering all the surrounding facts and circumstances and mindful of the admonition that cases should be decided on their merits rather than on procedural grounds, we find the trial court did not err in denying appellant default judgment or in granting Germain an extension of time to respond to appellant's complaint. Appellant's fourth assignment of error is overruled.

## IV. Conclusion

{¶ 50} Having overruled appellant's five assignments of error, we hereby affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

————————————